IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAHME PERKINS,** | : | CIVIL ACTION NO. 1:22-CV-187 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SECRETARY OF THE DEPARTMENT** | : | |
| **OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner, Lahme Perkins, challenges his 2008 conviction and sentence for first-degree murder and related charges in the Dauphin County Court of Common Pleas. At Perkins's request, we stayed the case on March 17, 2022 to allow him to attempt to exhaust state court remedies. Perkins moved to lift the stay on October 7, 2022. We will grant the motion, lift the stay, and dismiss Perkins's petition with prejudice as procedurally defaulted.

**I.    Factual Background & Procedural History**

On December 18, 2008, Perkins was convicted of first-degree murder and related charges following a jury trial in the Dauphin County Court of Common Pleas. Commonwealth v. Perkins, No. 513 MDA 2022, 2022 WL 4392699, at *1 (Pa. Super. Ct. Sept. 23, 2022). He was sentenced to life in prison. Id. Perkins appealed to the Pennsylvania Superior Court, arguing that there was insufficient evidence to convict him. See id.; (Doc. 1 at 2). The Superior Court affirmed. 2022 WL 4392699,

at *1.  Perkins filed petitions for leave to appeal to the Pennsylvania Supreme Court and the United States Supreme Court, both of which were denied.  Id.

Perkins filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on January 22, 2014.  Id.  He sought PCRA relief because of trial counsel's purported ineffectiveness in failing to conduct a pretrial investigation, consult or retain a DNA expert, interview and present character witnesses, or object to inflammatory photographs.  (Doc. 1 at 3).  The Court of Common Pleas dismissed the PCRA petition on April 11, 2019.  Commonwealth v. Perkins, No. 785 MDA 2019, 2020 WL 7386201, at *1 (Pa. Super. Ct. Dec. 16, 2020).  Perkins appealed.  Id.  The Superior Court affirmed, holding that Perkins waived all of his claims on appeal by failing to file a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925.  Id. at 2.  Perkins petitioned for allowance of appeal to the Pennsylvania Supreme Court, but his petition was denied on September 22, 2021.  Commonwealth v. Perkins, 263 A.3d 552 (Pa. 2021).

Perkins filed a second PCRA petition on November 4, 2021, arguing (1) that the Commonwealth failed to meet its burden to establish a prima facie case at his preliminary hearing and (2) that his right to effective assistance of counsel was violated in that his trial counsel was unfit to litigate a murder trial because he was dealing with substance abuse issues, depression, and attorney disciplinary matters at the time of trial.  Commonwealth v. Perkins, No. 513 MDA 2022, 2022 WL 4392699, at *1-2 (Pa. Super. Ct. Sept. 23, 2022).

While his second PCRA petition was pending, Perkins filed the instant habeas corpus petition on February 1, 2022, and the court received and docketed

the petition on February 8, 2022. (Doc. 1 at 31). Perkins raises six claims for habeas corpus relief: the four ineffective assistance of counsel claims that he raised in his first PCRA petition and the two claims that he raised in his second PCRA petition. (Id. at 5-11). Perkins moved to stay the case pending the litigation of his second PCRA petition. (Doc. 2). We granted the motion to stay on March 17, 2022, directing Perkins to move to lift the stay within 30 days of the completion of his attempt to exhaust state court remedies. (Doc. 11).

The Court of Common Pleas denied Perkins's second PCRA petition as untimely on March 16, 2022. Perkins, 2022 WL 4392699, at *1. The Superior Court affirmed on September 23, 2022. Id. at *3. Perkins moved to lift the stay of this case on October 1, 2022. (Doc. 12). We will grant the motion. As discussed below, however, we will dismiss the petition with prejudice as procedurally defaulted.

## II.     Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III.    Discussion

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan,

3

526 U.S. at 842.  Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits.  Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).  State procedural rules are independent if they are "not interwoven with federal law or dependent upon a federal constitutional ruling" and adequate if they were "'firmly established and regularly followed' at the time of the alleged procedural default."  Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 n.18 (3d Cir. 2017) (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)).

Federal courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence.  Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018).

The court finds that Perkins's claims are procedurally defaulted.  His first four claims were raised in his first PCRA proceeding but were deemed waived on appeal for his failure to file a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925.  Perkins, 2020 WL 7386201, at *2.  His fifth and sixth claims were raised in his second PCRA petition but were denied as untimely for failure to comply with the PCRA's statute of limitations.  Perkins,

2022 WL 4392699, at *1-3.  Hence, his claims are procedurally defaulted because the state courts declined to consider them on their merits based on independent and adequate state procedural rules.  See Rolan, 680 F.3d at 317.

Perkins argues we should excuse the procedural default of his first four claims based on inadequate assistance of PCRA counsel under Martinez v. Ryan, 566 U.S. 1, 17 (2012).  (Doc. 2 at 1).  He notes that his first three claims were waived on appeal "when the PCRA court failed to appoint new counsel for appeal" and the fourth claim was waived on appeal because counsel purportedly failed to investigate the claim.  (Doc. 1 at 5, 7-8, 10; Doc. 2 at 1).

We will reject this argument.  Although ineffective assistance of PCRA counsel may be a basis for excusing a procedural default under Martinez, 566 U.S. at 1, Martinez only applies when a claim is procedurally defaulted during initial-review collateral proceedings and not during collateral appeals.  Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015).  Perkins's first four claims were procedurally defaulted on appeal to the Superior Court and not during his initial PCRA proceedings, so the purported ineffective assistance of PCRA counsel cannot be the basis for excusing the procedural default.  Id.  Hence, we will dismiss these four claims.

Perkins does not make any specific arguments to excuse the procedural default of his fifth and sixth claims.  But we liberally construe his petition to argue that we should excuse the procedural default because it was caused by his trial counsel's conduct.  With respect to his fifth claim, Perkins asserts that he "has been trying to raise the issue at every step, only to be told it wasn't an issue, it was

5

permitted." (Doc. 1 at 11). Perkins notes that he did not raise the claim on direct appeal because his trial counsel told him that "the violation was permitted by state law at the time." (Id.)

We find that Perkins has not established cause for the procedural default of his fifth claim. Trial counsel purportedly told Perkins the claim was meritless on direct appeal, but Perkins represents that he has since been "trying to raise the issue at every step." (Id.) Perkins does not explain what prevented him from raising the claim in his first PCRA petition, and it would not be procedurally defaulted if he had done so. We will accordingly dismiss the fifth claim.

Finally, Perkins notes that counsel's substance abuse, depression, and disciplinary matters did not come to light until sometime after his trial, which we liberally construe as an argument that the late discovery of these matters caused procedural default of his sixth claim. (See id.)

We find this argument insufficient to establish cause for the procedural default. Perkins asserts that evidence of his trial counsel's alleged personal issues was discovered "subsequent to trial" and "had only recently come to light," but he does not provide any specific timeframe when he discovered this information. (See Doc. 1 at 11). Petitioners seeking to establish cause for a procedural default must show that an objective factor external to the defense impeded the petitioner's ability to comply with the state's procedural rules. Shinn v. Ramirez, 596 U.S. __, 142 S. Ct. 1718, 1733 (2022). By failing to provide specific information as to when he discovered counsel's alleged personal issues, Perkins has failed to meet his burden to show that an external factor impeded his ability to comply with the PCRA's

6

statute of limitations. Moreover, alleging trial counsel's addiction to support his claims of ineffective assistance of counsel does not excuse the procedural default identified with respect to his principal claims; it merely asserts a reason for ineffectiveness.

Finally, other than boilerplate or summary statements, Perkins does not attempt any presentation of actual innocence in his petition. Thus, we will dismiss Perkins's sixth and final claim as procedurally defaulted.

## IV.    Conclusion

We will grant the motion to lift the stay and dismiss the petition (Doc. 1) for writ of habeas corpus with prejudice as procedurally defaulted. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 19, 2022